UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)

| | |
|---|---|
| Consumers Union of United States, Inc.<br><br>Plaintiff,<br>v.<br><br>consumerreport.com, *et al.*,<br><br>Defendants. | Civil Action No.: 1:10-cv-268-LMB-TCB |

PLAINTIFF'S
PRETRIAL STATEMENT

Pursuant to Federal Rule of Civil Procedure 26(a)(3) and the Court's June 16, 2010 July Scheduling Order, Plaintiff Consumers Union of United States, Inc. ("Consumers Union") hereby submits its Pretrial Statement.

A.   **List of Exhibits to be Offered by Consumers Union**

Exhibit A hereto lists the exhibits that Consumers Union expects to offer into evidence as well as those it may offer into evidence if the need arises. Consumers Union reserves the right to amend and supplement this list at any time before trial and to use other exhibits for purposes of impeachment as the trial proceeds. Registrant has not provided responses to Plaintiff's Discovery Requests, and failed to comply with the Court's Order dated October 8, 2010, granting Plaintiff's Motion to Compel Discovery. Should Registrant produce any documents, Plaintiff may choose to rely on some of them and will supplement accordingly.

B.   **Schedule of Witnesses to be Called by Consumers Union**

1.   Consumers Union expects to call the following witnesses during its case-in-chief:

Eileen B. Hershenov, Esq.

1

Ms. Wendy J. Wintman

Mr. Anatoly Ostrovsky

2.  Consumers Union may call the following witnesses should the need arise:

Mr. Vladimir Ostrovsky

Consumers Union reserves the right to amend this list at any time before trial and to call any impeachment witnesses that may be necessary as the trial proceeds. Again, should Registrant provide responses to Plaintiff's Interrogatories and Requests for Document Production, Plaintiff may add names to this list.

### C. Consumers Union's Statement of Uncontested Facts

Consumers Union submits that the following facts are not in dispute:

1.  Consumers Union of United States, Inc. ("Consumers Union") is a not-for-profit New York corporation and maintains its primary place of business at 101 Truman Avenue, Yonkers, New York 10703.

2.  Consumers Union, founded in 1936, is an independent, non-profit organization whose mission is to work for a fair, just and safe marketplace for all consumers and to empower consumers to protect themselves.

3.  Consumers Union publishes **Consumer Reports** *magazine*, the ConsumerReports.org and ConsumerReportsHealth.org web sites, the *Consumer Reports on Health* and *Consumer Reports Money Adviser* newsletters, and related web, television and print properties.

4.  As of May 2009, *Consumer Reports* magazine had over 4.1 million subscribers in the United States, Canada and the world and averaged 156,000 single copy newsstand sales each month.

5. ConsumerReports.org had 3.2 million paid subscribers that year, and Consumers Union's free and paid websites received 7.7 million visits and delivered 62 million page views.

6. Much of Consumers Union's work is based on the more than 1 million paid subscribers who respond each year to Consumers Union's Annual Questionnaire, among the largest and most comprehensive consumer surveys in the world.

7. Consumers Union employs a staff totaling more than 600 people at its state-of-the-art labs and offices in Yonkers, NY, its 327-acre Auto Test Center in East Haddam, CT, and its offices in Washington, DC, Austin, TX, and San Francisco, CA.

8. Consumers Union is the owner of numerous trademarks that it uses in connection with its information products. Many of these trademarks are registered in the United States Patent and Trademark Office and elsewhere. Among these registered marks are:

- U.S. Trademark Reg. No. 672,849 CONSUMER REPORTS: registered in the United States on January 20, 1959

- U.S. Trademark Reg. No. 2,738,364 CONSUMERREPORTS.ORG: registered in the United States on July 15, 2003.

Consumers Union's **CONSUMER REPORTS** mark was distinctive and famous at the time the Domain Names were registered.

5. Consumers Union is also the owner of numerous domain names, including **consumerreports.org**, which was registered on June 20, 1997, prior to any of the Domain Names listed as Defendants in this case.

6. Some time in 2005, the Defendant Domain Names were registered in the name of Registrant.

7. The Defendant Domain Names are merely alternate plural and singular versions of the words "consumer" and "reports."

8. Registrant is in the business of "Domaining" and the commercial offering of keywords.

9. At no time before filing of the complaint in this action did Registrant offer any kind of report for or by consumers on any of the websites located under the Defendant Domain Names.

10. Screen shots of the websites located under the Defendant Domain Names that were taken in February 2010 show that the only content available on all these websites consisted of links to third party websites unrelated to Registrant, some of which offered services competitive to Plaintiff's services.

11. Registrant received revenue from third parties as a result of click though fees pertaining to content displayed on the websites located under the Defendant Domain Names before Plaintiff sent its letter of intent to proceed *in rem* on March 4, 2010.

12. Registrant received revenue for the display of advertisements on the websites located under the Defendant Domain Names before Plaintiff sent its letter of intent to proceed *in rem* on March 4, 2010.

13. Registrant applied for registration of the designation CONSUMERREPORT with the US Patent and Trademark Office on March 11, 2005.

14. The US Patent and Trademark Office cited Plaintiff's Consumer Reports trademarks against Registrant's application for the designation CONSUMERREPORT.

15. Registrant did not respond to this refusal, thus the trademark application was abandoned and is now dead.

16. Registrant did not intend to use the Defendant Domain Names for the offering of any kind of report for or by consumers on the websites located under the Defendant Domain Names.

17. Consumers Union has incurred and is continuing to incur attorneys' fees and other costs in enforcing its rights to the Defendant Domain Names.

### D. Other Issues for Pretrial

1. By Order dated October 8, 2010, the Court granted Consumers Union's Motion to Compel and ordered Registrant to respond to Plaintiff's discovery requests by October 19, 2010. As of this filing, Registrant has not complied with this Order.

2. Plaintiff's Requests for Admission are deemed admitted.

Dated October 21, 2010

Respectfully submitted,

HOLLAND & KNIGHT LLP

_/s/ T. Brooke_

Thomas W. Brooke
VSB No. 32388
2099 Pennsylvania Ave., N.W.
Suite 100
Washington, D.C. 20006
thomas.brooke@hklaw.com
Telephone: (202) 663-7271
Facsimile: (202) 955-5564
*Counsel for Plaintiff Consumers Union of United States, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of October, 2010, the foregoing Plaintiff Consumers Union's Pre-Trial Statement was filed with the Clerk of Court using the CM/ECF system.

Brian N. Fletcher
The Fletcher Law Firm PLLC
2121 Eisenhower Ave., Suite 200
Alexandria, Virginia 22314
Tel: (703) 791-9055
Email: brian@fletcheriplaw.com

*Attorney for Registrant*

Thomas W. Brooke
VSB No. 32388
2099 Pennsylvania Ave., N.W.
Suite 100
Washington, D.C. 20006
thomas.brooke@hklaw.com
Telephone: (202) 663-7271
Facsimile: (202) 955-5564

*Counsel for Plaintiff Consumers Union of United States, Inc.*

#9855296_v1