**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)**

| | |
|---|---|
| **Consumers Union of United States, Inc.**<br><br>Plaintiff,<br>v.<br><br>**consumerreport.com,** *et al.*,<br><br>Defendants. | Civil Action No.: 1:10-cv-268-LMB-TCB |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS IN THE NATURE OF DEFAULT JUDGMENT AND AWARD OF ATTORNEYS' FEES AND COSTS**

Plaintiff Consumers Union of United States, Inc. ("Consumers Union"), by and through its undersigned counsel, hereby moves pursuant to Rule 37 of the Federal Rules of Civil Procedure, and Local Rules 7 and 37, for an order entering judgment by default and an award of attorneys' fees and costs against Netex Galaxy Ltd., the owner and Registrant of the five domain names listed as Defendants in this ACPA *in rem* action ("Registrant").

Having failed to resolve the parties' dispute by conferring with Registrant's counsel, Consumers Union respectfully requests that the Court enter judgment by default and an award of attorneys' fees and costs against Registrant.

## I.   BACKGROUND

Plaintiff filed its Motion to Compel Discovery on September 27, 2010, and this Court granted Plaintiff's Motion on October 8, 2010. The Court gave Registrant eleven days to respond to discovery, and noted in its order that violation of the order could result in dismissal of Registrant's claim to the defendant domain names. A copy of the Order is Attached as Exhibit 1.  The Court awarded attorneys' fees and costs in relation to the Motion to Compel in favor of Plaintiff and Plaintiff has provided a copy of the invoice totaling $3548.00 for such work to the Court and Opposing Counsel.  To date, Registrant has not paid these fees or costs or offered to do so.

During the following eleven days and subsequently, Registrant neither asked for an extension of time, nor did Plaintiff receive any responses to its discovery requests.

On October 21, 2010, after the deadline to comply with the Court's discovery order had passed, the Final Pretrial Conference was held before US District Court Judge Leonie M. Brinkema. During this conference, when questioned by the Court, Counsel for Registrant claimed that Registrant was working on responding to the discovery requests, however, neither provided a reason why no extensions of time had been sought, nor why Registrant had not been able to provide a single response, even though more than two months had passed since service of discovery.

At the date of filing of this Motion, Registrant has not responded to Plaintiff's discovery requests, and has not provided any excuse for its failure to respond or to comply with this Court's orders.

## II.   ARGUMENT

Rule 37 of the Federal Rules of Evidence gives the Court wide discretion to impose various sanctions for a party's failure to comply with its discovery orders. An award of attorneys' fees and costs and default judgment may be ordered cumulatively. Fed. R. Civ. P. 37(b)(2)(C).

An award of attorneys' fees and costs is determined pursuant to Rule 37(b)(2)(C). The court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust.

Cases of persistent discovery abuses can warrant entry of a default judgment under appropriate circumstances. See Mutual Federal Savings & Loan v.Richards & Assoc., 872 F.2d 88 (4th Cir. 1989). The Court must assess the propriety of the sanction for default judgment with a four-part inquiry into whether (1) the noncomplying party acted in bad faith, (2) the noncompliance caused his adversary prejudice, (3) this particular sort of noncompliance needs to be deterred, and (4) less drastic sanctions would have been effective. Id., at 93.

Registrant unjustifiably failed to comply with the Court's Order granting Plaintiff's Motion to Compel Discovery, both scheduling orders, and the joint discovery plan. To date, Plaintiff has not received any responses to its Interrogatories or Requests for Document Production. Registrant's disregard of its obligations and the Court's orders have caused Plaintiff and this Court to expend unnecessary time and effort to remind Registrant and Registrant's Counsel of the obligations during discovery, including Plaintiff's filing of this Motion.

In fact, all of Registrants actions, including the initial registration of the Defendant Domain names, were done in bad faith.  Registrant never attempted to negotiate in good faith with Consumers Union, neither before this action was filed, nor after, and only got serious about settlement numbers after the Court issued its Order in response to Consumer Union's Motion to Compel.

When the Court granted Plaintiff's Motion to Compel Discovery, including an award of attorneys' fees and costs, Registrant chose to ignore that order. During the Final Pretrial Conference, Counsel for Registrant once again did not divulge a date for Registrant's responses. At no time during

discovery did Registrant seek an extension of time, nor did Registrant serve any objections to Plaintiff's discovery requests, or indicate when responses could be expected. Moreover, Registrant did not even feel the need to attempt an explanation of its behavior. During the last four months Registrant has clearly shown that it neither intends to voluntarily participate in discovery, nor do so if ordered by this Court.

Because of Registrant's dilatory behavior and refusal to produce a single piece of information, Plaintiff does not have access to any documents or information in Registrant's possession that show Registrant's intentions, knowledge and actions relating to the defendant domain names and Plaintiff's Trademarks, as well as documents and information on which Registrant is relying for its defense.

Only in the past few days has Plaintiff learned that Registrant also owns the infringing domain name consumersreport.biz.  If Registrant had answered the discovery requests, this information would have come to light much sooner.

The lack of such information and documents impacts Plaintiff's ability of making its case. Because of that same dilatory and obstructive behavior, Plaintiff was forced to file this Motion.

### III.   CONCLUSION

Because Registrant is continuing to abuse the discovery process in this action to frustrate Plaintiff's efforts to gather information to support its claims, the entry of a default judgment to sanction Registrant is appropriate. Despite the Court's Order granting Plaintiff's Motion to Compel, Registrant still has not produced a single piece of information. Because of Registrant's dilatory and unexcused conduct, Plaintiff's attempt to discover information to which it is entitled as "relevant to the subject matter" of its claims has been unsuccessful. Fed. R. Civ. F. 26(b)(1). Registrant's bad faith is evident from its abuse of this Court's process, and its actions to thwart Plaintiff's discovery. Plaintiff has suffered prejudice, having been denied nearly all its efforts to inquire into the facts underlying its claims.

Registrant's disregard of the Court's Order that included an award of attorneys' fees and costs, and - most importantly - a warning that noncompliance may result in dismissal of Registrant's claim to the defendant domain names, suggest that Registrant neither feels the need to abide by the Federal Rules of Civil Procedure, nor the Rules of this Court. The need for deterrence is clear, because other litigants must see that stonewalling discovery and disrespecting the Court's orders will not be left without punishment. This is particular so in the context of *in rem* ACPA actions. An award of Attorneys' fees and costs is warranted pursuant to Fed. R. Civ. P. 37(b)(2)(C).

      Therefore, Consumers Union respectfully requests that the Court order the entry of a default judgment and an award of reasonable attorneys' fees and costs against Registrant.

Respectfully submitted,

HOLLAND & KNIGHT LLP

_____/s/_____
Thomas W. Brooke
VSB No. 32388
2099 Pennsylvania Ave., N.W.
Suite 100
Washington, D.C. 20006
Email: thomas.brooke@hklaw.com
Telephone: (202) 663-7271
Facsimile: (202) 955-5564

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 27th day of October 2010, the foregoing Memorandum in Support of Plaintiff's Motion for Sanction in the Nature of Default Judgment and Award of Attorneys' Fees and Costs was filed with the Clerk of Court using the CM/ECF system. Notification of this filing will be sent electronically to:

Brian N. Fletcher
The Fletcher Law Firm PLLC
2121 Eisenhower Ave., Suite 200
Alexandria, Virginia 22314
Tel: (703) 791-9055
Email: brian@fletcheriplaw.com

*Attorney for Registrant and Defendants*

                                                                                                             /s/
                                        Thomas W. Brooke (VSB No. 32388)
                                        HOLLAND & KNIGHT LLP
                                        2099 Pennsylvania Avenue, NW, Suite 100
                                        Washington, DC 20006
                                        Email: thomas.brooke@hklaw.com
                                        Telephone: (202) 663-7271
                                        Facsimile: (202) 955-5564

                                        *Attorney for Plaintiff*