IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED DEC - 6 2010 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

CONSUMERS UNION OF UNITED STATES, )
INC. )
 )
      Plaintiff, )
 )
v. ) 1:10cv268 (LMB/TCB)
 )
CONSUMERREPORT.COM, et al., )
 )
 )
      Defendants. )

<u>MEMORANDUM OPINION</u>

Before the Court is plaintiff Consumers Union of United States, Inc.'s Motion for Summary Judgment [Dkt. No. 36]. For the reasons stated below, the motion will be granted.

I. Background

On March 18, 2010, Consumers Union of United States, Inc. ("Consumers Union") filed this <u>in rem</u> civil action under 15 U.S.C. § 1125(d), alleging that the defendant domain names – consumerreport.com, consumerreport.org, consumersreport.com, consumersreport.org and consumersreports.com – infringe its trademarks, "CONSUMER REPORTS," which was registered in the United States on January 20, 1959, and "CONSUMERREPORTS.ORG," which was registered in the United States on July 15, 2003. Compl. at ¶ 12. Consumers Union attached copies of the certificates of trademark registration to the complaint as Exhibit 3. Consumers Union asks for a transfer of the defendant domain names to Consumers Union.

On June 11, 2010, defendants filed a motion to dismiss,

which was denied on July 16, 2010, and on July 23, 2010 they filed an answer. Defendants failed to respond to any of plaintiff's discovery requests. Of most significance to plaintiff's Motion for Summary Judgment was the defendents' failure to respond to Consumers Union's Interrogatories, Requests for Document Production, and Requests for Admission. Among the Requests for Admission, which are now deemed admitted, were:

> 9. Admit that all displayed links as shown on Exhibits 1 to 5 had no connection to reports for or by consumers offered by Registrant on the websites located under the defendant domain names. . . .
>
> 14. Admit that you were in contact with Plaintiff regarding at least one of the defendant domain names before March 2005. . . .
>
> 16. Admit that you have not offered any kind of report for or by consumers at any time before March 4, 2010 on any of the websites associated with the defendant domain names. . . .
>
> 21. Admit that you applied for registration of the mark CONSUMERREPORT with the US Patent and Trademark Office on March 1, 2005. . . .
>
> 22. Admit that Plaintiff's trademark registrations for the trademarks CONSUMER REPORTS, Reg. No. 672,849, and CONSUMERREPORTS.ORG, Reg. No. 2, 738,364 were cited against the application described in Request 21. . . .
>
> 23. Admit that the trademark application described in Request No. 21 is dead.

On September 27, 2010, Consumers Union filed a motion to compel responses to discovery. On October 8, 2010, a magistrate judge granted plaintiff's motion and ordered Netex Galaxy Ltd., registrant of the defendant domain names, to provide complete discovery responses within 11 days. After Netex failed to comply

2

with that Order, plaintiff filed a Motion for Sanction in the Nature of Default Judgment and Award of Attorneys' Fees and Costs [Dkt. No. 32] on October 27, 2010. On November 15, 2010, the magistrate judge issued a Report and Recommendation ("Report") in which she recommended that a default judgment be entered in the plaintiff's favor against Netex, pursuant to Fed. R. Civ. P. 37.[1]

On November 4, 2010, Consumers Union filed a motion for summary judgment, arguing that there is no genuine dispute of material fact that the defendant domain names infringe Consumer Union's trademarks. Defendants have not responded to the summary judgment motion.

## II. Discussion

Summary judgment is appropriate if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby

---

[1]The Court declines to adopt the magistrate judge's recommendation for default judgment against Netex because the Court does not have personal jurisdiction over Netex. Consumers Union acknowledges that there is not in personam jurisdiction over Netex Galaxy, Ltd., the Latvia-based registrant of the defendant domain names. Resp. to Registrant's Mot. to Dismiss at 3. But in rem jurisdiction over the domain names is proper in this district under 15 U.S.C. § 1125(d)(2)(A) because the defendant domain names' registries - Verisign and Public Interest Registry - are located in the Eastern District of Virginia. Accordingly, this civil action will be resolved on plaintiff's summary judgment motion, not on the Report and Recommendation.

3

Inc., 477 U.S. 242, 248 (1986). Although a defendant who fails to respond to a summary judgment motion cannot dispute the facts alleged in the motion, that failure "does not fulfill the burdens imposed on moving parties by Rule 56," and the movant still must demonstrate that it is entitled to judgment as a matter of law. Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993). "Thus, the court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." Id.

A domain name violates the anti-cybersquatting provisions of the Lanham Act, 15 U.S.C. 1125(d), if the plaintiff demonstrates: 1) the defendant's "bad faith intent to profit" from plaintiff's mark; and 2) the defendant's domain name "is identical or confusingly similar to, or dilutive of" plaintiff's mark. Lamparello v. Falwell, 420 F.3d 309, 318 (4th Cir. 2005). Consumers Union correctly argues that because the defendants failed to respond to plaintiff's Request for Admissions, the defendants have admitted all the factual allegations in those admissions, including that the defendant domain names were used only for click-through advertising and not for the bona fide offering of goods or services. Memo. in Supp. of Pl.'s Mot. for Summ. J. at 3-4. Moreover, because Consumers Union attached its trademark registrations to the complaint and defendants did not contest their validity, the Court finds that Consumers Union owns

the CONSUMER REPORTS and CONSUMERREPORTS.ORG trademarks.

The five domain names are nearly identical to Consumers Union's registered trademarks, often differing from Consumer Union's actual website by only one or two letters. The defendants' only revenues come from "click-through" advertising fees. The registrant has not argued that the domain names are a non-commercial fair use of Consumers Union's trademarks. Simply stated, there is no genuine dispute of material fact that the defendant websites are confusingly similar to plaintiff's marks and demonstrate a bad faith intent to profit from that confusion. Therefore, summary judgment will be granted in favor of the plaintiff.

Consumers Union's complaint seeks only a declaration that its trademark is valid and enforceable and an order compelling Verisign and Public Interest Registry to transfer ownership of the domain names to Consumers Union. However, in a proposed order attached to its summary judgment motion, Consumers Union also asks for an injunction prohibiting Netex Galaxy, Ltd. from using Consumers Union's trademarks. As discussed above, the Court does not have personal jurisdiction over Netex Galaxy. Therefore, that relief cannot be granted.

### III. Conclusion

For the reasons stated above, Plaintiff's Motion for Summary Judgment [Dkt. No. 36] will be GRANTED by an Order to be issued

5

with this Opinion.

Entered this 6th day of December, 2010.

Alexandria, Virginia

/s/ *signature*
Leonie M. Brinkema
United States District Judge